IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**A.P. MOLLER-MAERSK A.S.**, a
foreign corporation doing business
as **MAERSK LINE**

    Plaintiff,

v.                                                Case No.: 3:09cv223/MCR/EMT

**FROZEN FOOD SHIPPING, LLC,**
a Florida limited liability company,

    Defendant.
_____/

## O R D E R

The Plaintiff, A.P. Moller-Maersk A.S. d/b/a Maersk Line ("Maersk"), a common carrier, filed a complaint (doc. 1) against the Defendant, Frozen Food Shipping, LLC ("Frozen Food"), seeking to recover amounts allegedly due under five bills of lading. Pending before the court is Maersk's Amended and Restated Motion for Final Summary Judgment (doc. 19), to which Frozen Foods failed to respond. Having fully considered Maersk's motion and the evidence submitted in support thereof, the court concludes the motion should be granted.

**BACKGROUND**

Maersk filed a motion for summary judgment on November 12, 2009, seeking to recover from Frozen Foods freight it claims to have earned for the ocean carriage of frozen beef products from Houston, Texas, to Alexandria, Egypt. On December 2, 2009, Frozen Foods filed a motion for an extension of time to respond to Maersk's motion (doc. 24). The court granted the request for additional time (doc. 25); Frozen Foods, however, never

responded to the motion.[1]

Attached to Maersk's motion is the affidavit (doc. 19-1) of Dave Johnson, a Revenue Recovery Analyst for Maersk Agency U.S.A., Inc., Maersk's general agent for North America. Mr. Johnson is responsible for collecting freight charges from Maersk's customers, as well as staying abreast of the terms and conditions of Maersk's bills of lading, tariffs, and service contracts related to freight charges. In his affidavit, Mr. Johnson states that Maersk transported cargo for Frozen Foods in November and December 2008 under bill of lading numbers 857423249, 857525871, 857563684, 857562265, and 857521541 from Houston to Alexandria. Mr. Johnson further states that, under the bills of lading, freight is earned upon Maersk's receipt of the goods and that Maersk has not received any portion of the amounts owing under the bills of lading at issue. Attached to Mr. Johnson's affidavit are copies of the respective bills of lading. The bills of lading support Mr. Johnson's testimony. According to bill of lading No. 857423249, Maersk transported ten containers consisting of 19,175 cases of frozen beef livers, kidneys, and hearts from Houston to Alexandria aboard the *M/V SL Champion* for $42,984.20. Under bill of lading No. 857525871, Maersk transported six containers consisting of 11,090 cases of frozen beef livers from Houston to Alexandria aboard the *M/V SL Performance* for $25,754.52. Pursuant to bill of lading No. 857563684, Maersk transported four containers consisting of 7,501 cases of frozen beef livers from Houston to Alexandria aboard the *M/V SL Eagle* for $15,889.68. According to bill of lading No. 857562265, Maersk transported six containers consisting of 11,301 cases of frozen beef livers from Houston to Alexandria aboard the *M/V SL Achiever* for $23,474.52. Finally, under bill of lading No. 857521541, Maersk transported five containers consisting of 9,201 cases of frozen beef livers from Houston to Alexandria aboard the *M/V Maersk Montreal* for $19,562.10.

---

[1] Frozen Foods also failed to respond to Maersk's Statement of Undisputed Facts and its discovery requests, including requests for admissions. According to N.D. Fla. Loc. R. 56.1(A), "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be filed and served by the opposing party." Under Fed. R. Civ. P. 36(a)(3), all matters set forth in Maersk's requests for admissions were deemed admitted after Frozen Foods failed to respond within thirty days of service thereof.

As Mr. Johnson set forth in his affidavit, paragraph 16.2 of the terms and conditions applicable to the bills of lading provides that "[f]ull freight shall be considered completely earned on receipt of the Goods by the Carrier and shall be paid and non refundable in any event." Paragraph 16.3 provides that "[a]ll sums payable to the Carrier are due on demand . . . ." Under paragraph 16.5, "[a]ll freight shall be paid without any set-off counterclaim deduction or stay of execution at latest before delivery of the Goods." Finally, according to paragraph 16.6, "[if] the Merchant fails to pay the Freight when due he shall be liable also for payment of service fee or interest due on any outstanding sum, reasonable attorney fees and expenses incurred in collecting any sums due to the Carrier." Maersk seeks all amounts due under the bills of lading, along with pre-judgment interest and attorneys' fees.

**DISCUSSION**

<u>Summary Judgment Standard</u>

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is not appropriate "if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 594 (11th Cir. 1995). An issue of fact is "material" if it might affect the outcome of the case under the governing law, and it is "genuine" if the record taken as a whole could lead a rational fact finder to find for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (also noting "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude" summary judgment). "While the burden on a party seeking summary judgment is great,

the opposing party has a duty to present affirmative evidence in order to defeat a properly supported motion for summary judgment." *King Ocean Central America, S.A. v. Angel Food and Fruit Co.*, 1995 WL 8419141, at *2 (S.D. Fla. Oct. 12, 1995). A district court cannot grant summary judgment, however, merely because the motion is unopposed. *U.S. v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). Rather, the court must consider the merits of the motion and review all evidentiary materials submitted in support thereof to ensure that the motion is well-supported and that there is no genuine issue of material fact. *Id.* at 1101-02. For purposes of appeal, the court must set forth sufficient facts in its order to "'indicate that the merits of the motion were addressed.'" *Id.* at 1102 (quoting *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988)).

<u>Maersk's Claim for Freight</u>

A bill of lading constitutes a contract of carriage between the parties. *Fireman's Fund Ins. Co. v. Tropical Shipping and Const. Co.*, 254 F.3d 987, 997 (11th Cir. 2001). Under the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701(c), "a bill of lading . . . is prima facie evidence of receipt of the goods described" therein.[2] "COGSA reflects the reality in international commerce that a buyer must often pay for goods sight unseen, relying only on the carrier's bill of lading." *Plastique Tags, Inc. v. Asia Trans Line, Inc.*, 83 F.3d 1367, 1369 (11th Cir. 1996). "A clean bill of lading . . . 'is a fundamental and vital pillar of international trade and commerce, indispensable to the conduct and financing of business involving the sale and transportation of goods between parties located at a distance from one another.'" *Id.* (quoting *Berisford Metals Corp. v. S/S Salvador*, 779 F.2d 841, 845 (2d Cir. 1985), *cert. denied*, 476 U.S. 1188 (1986)). "As far back as 1895, the First Circuit recognized that the bill of lading had become so universal and necessary a factor in mercantile credits that the law should make good what the bill of lading thus holds out." *Id.* at 1370 (internal marks omitted).

---

[2] The COGSA applies "to a carrier engaged in the carriage of good to or from any port in the United States." 46 U.S.C. § 30701(a).

Case No: 3:09cv223/MCR/EMT

The uncontroverted evidence before the court shows that Maersk issued to Frozen Foods five bills of lading for the transportation of frozen meat products from Houston, Texas, to Alexandria, Egypt. The bills of lading constitute prima facie proof that Maersk received the goods to be shipped pursuant thereto. According to the bills of lading, Maersk earned full freight upon receipt of the goods. Such freight was owed in any event – and without setoff or deduction – upon demand by Maersk. It is undisputed that Frozen Foods has not paid Maersk any portion of the amounts owed under the bills of lading. The court thus finds that there is no genuine issue of material fact and that Maersk is entitled to summary judgment as a matter of law and a damages award of $127,665.02, which is the amount due under the five bills of lading at issue; pre-judgment interest; and reasonable attorneys' fees. *See King Ocean*, 1995 WL 819141, at *3 (noting that "[i]t is a well-established ancient rule" that a shipper must pay freight once goods have been transported regardless of the condition in which the goods are received).

**CONCLUSION**

Accordingly, it is hereby ORDERED that Maersk's motion for summary judgment is granted and that Maersk is entitled to recover from Frozen Foods $127,665.02 due under bill of lading numbers 857423249, 857525871, 857563684, 857562265, and 85752415441; pre-judgment interest to be determined by separate order; and reasonable attorneys' fees, upon motion for same, also to be determined by separate order. The Clerk of Court is directed to enter final judgment in favor of Maersk consistent with this order.

**DONE AND ORDERED** this 27th day of July 2010.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**